IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | Case No. 19-22400 |
| BREAD & BUTTER CONCEPTS, LLC, ) | (Administratively Consolidated) |
| et al., ) | |
| ) | |
| Debtors.[1] ) | Chapter 11 |

### MOTION FOR ORDER UNDER SECTIONS 105(a) AND 365(a) AUTHORIZING THE DEBTORS-IN-POSSESSION TO REJECT EXECUTORY CONTRACTS WITH WASTE MANAGEMENT

COME NOW Bread & Butter Concepts, LLC ("BBC"), debtor and debtor-in-possession in Case No. 19-22400, Texaz Crossroads, LLC ("Cherry Hall"), debtor and debtor-in-possession in Case No. 19-22401, Texaz Table Restaurant of KS, LLC ("Urban Table"), debtor and debtor-in-possession in Case No. 19-22399, Texaz South Plaza, LLC ("Stock Hill"), debtor and debtor-in-possession in Case No. 19-22402, and Texaz Plaza Restaurant, LLC ("Gram & Dun"), debtor and debtor-in-possession in Case No. 19-22403 (and may be collectively referred to herein as "Debtors"[2]) and through its undersigned counsel, hereby files this Motion requesting this Court enter its order authorizing the rejection of certain executory contracts pursuant to Sections 105(a) and 365(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, as amended, the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "Motion"). In support of the Motion, the Debtors state as follows:

---

[1] TEXAZ CROSSROADS, LLC, dba Cherry Hall, Case No. 19-22401; TEXAZ TABLE RESTAURANT OF KS, LLC, dba Urban Table, Case No. 19-22399; TEXAZ SOUTH PLAZA, LLC, dba Stock Hill, Case No. 19-22402; TEXAZ PLAZA RESTAURANT, LLC, dba Gram & Dun, Case No. 19-22043.
[2] Unless otherwise noted, the use of the term "Debtor" shall refer to each individual debtor comprising the Debtors.

1

## JURISDICTION

1. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (D) and (M). Venue of this Chapter 11 case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 365(a) of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules.

## BACKGROUND

3. On November 9, 2019 (the "Petition Date"), Debtors filed five separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Related Cases") in the United States Bankruptcy Court for the District of Kansas (the "Bankruptcy Court").

4. Each Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

5. An Official Committee of Unsecured Creditors has not been appointed in any of the Related Cases.

6. This is a core proceeding pursuant to 28 U.S.C. §157(2)(A).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1408.

9. Debtor BBC was founded in 2011 and owns and operates multiple upscale restaurants in the Kansas City metropolitan area.

10. Debtor Cherry Hall opened in September 2018 and is the event space and catering arm of BBC's business. The event space is located in downtown Kansas City, Missouri.

11. Debtor Urban Table opened in July 2011 and is an Italian-American bistro located in Prairie Village, Kansas.

12. Debtor Stock Hill opened in December 2016 and is a high-end steakhouse located on the Country Club Plaza in Kansas City, Missouri.

13. Debtor Gram & Dun opened in November 2011 and is a venerable modern restaurant also located on the Country Club Plaza in Kansas City, Missouri.

14. Debtors collectively have over 200 employees and approximately 140 creditors. Between its different subsidiaries, BBC's gross sales for Debtors in 2018 exceeded $24.5 million. After the sale of two of the subsidiaries, BBC's gross sales for 2019 are projected to be $12.1 million.

15. Each of the Debtors is a legally separate entity. Each of the Debtors are affiliates of each other pursuant to 11 U.S.C. § 101(2)(B), as each Debtor has common owners which own or control at least 20% of the voting rights of each Debtor.

## RELIEF REQUESTED

16. Certain of the Debtors are parties to Service Agreements with Waste Management of Kansas, Inc. ("WM") ("Service Agreements"), whereby WM is to provide certain of the Debtors with all solid waste collection, hauling and disposal services, equipment and containers, and recyclable materials collection (collectively the "Services"). The Service Agreements include the following account numbers: Stock Hill 17-72878-93003, Cherry Hall/Bread & Butter 17-15278-73002 and Urban Table 5-30115-96669. Copies of the Service Agreements are attached hereto and incorporated herein as **Exhibit A**.

17. The Service Agreements constitute executory contracts ("Executory Contracts") as further set forth below.

18. By this Motion, Debtors request permission, pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code, to reject the Executory Contracts because continued performance

3

thereunder is burdensome and fails to provide any tangible benefit to the Debtors, its respective estates, creditors or interest holders.

19. The Debtor has determined rejecting the Executory Contracts is beneficial to the estate in that it will eliminate an unnecessary drain on estate resources. The Debtor has concluded that the Executory Contracts have no value through assumption and assignment to a third-party purchaser and that the Executory Contracts no longer provide any benefit to the Debtors. In an effort to minimize post-petition administrative costs, and in the exercise of the Debtor's sound business judgment, the Debtor has determined that it is in its best interests and in the best interests of the estate, creditors and interest holders to reject the Executory Contracts.

## BASIS FOR RELIEF REQUESTED

20. Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also In re Kmart Corp.*, No. 02-02474, 2007 WL 4556991, at *7 (Bankr. N.D. Ill. Nov. 20, 2007); *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3rd Cir 1992). "This provision allows a [debtor in possession] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (*citing In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

21. The Code does not define "executory contract", but most courts have adopted this definition: "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *Countryman, Executory Contracts in Bankruptcy*: Part I, 57 Minn. L. R. 439, 460 (1973); *In re Murexco Petroleum, Inc.*, 15 F.3d 60 (5th

4

Cir. 1994); *In re Texscan Corp.*, 976 F.2d 1269 (9th Cir. 1992); *United States v. Floyd*, 882 F.2d 233, 235 (7th Cir. 1989); *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989); *In re Speck*, 798 F.2d 279, 279-80 (8th Cir. 1986); *Gloria Mfg. Corp. v. International Ladies Garment Workers' Union*, 734 F.2d 1020, 1021 (4th Cir. 1984); *In re Chateaugay Corp.*, 130 B.R. 162, 164 (S.D.N.Y 1991); *see generally Andrew, Executory Contracts In Bankruptcy: Understanding Rejection*, 59 U. Colo. L. Rev. 845 (1988) (executory contract means "simply a contract under which (a) debtor and non-debtor each have unperformed obligations and (b) the debtor, if it ceases further performance, would have no right to the other party's continued performance"); H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 347 (1977)("[t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides.").

22. Section 365(a) of the Bankruptcy Code, which has been interpreted as incorporating the "business judgment" standard, authorizes Debtor's rejection of the Executory Contracts. *See, Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550, 63 S.Ct. 727, 742 (1943) ("the question whether a lease should be rejected . . . is one of business judgment"). The business judgment test is used in determining whether to approve a debtor-in-possession's motion to assume or reject an executory contract under 11 U.S.C. § 365. *In re Lady Baltimore Foods, Inc.*, 2004 WL 2192374, p. 5. (Bankr. D. Kan. 2001). Accord, *In re Food Barn Stores, Inc.*, 107 F.3d 558, 566 n. 16 (8th Cir. 1997); *In re Crystalin, L.L.C.*, 293 B.R. 455, 463-464 (8th Cir. BAP 2003); *In re Farmland Industries, Inc.*, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003); *In re Steaks to Go, Inc.*, 226 B.R. 35, 37 (Bankr. E.D. Mo. 1998). This test is not an onerous one and does not require the bankruptcy court to place itself in the position of the debtor-in-possession or to determine whether assuming the contract would be a good business decision or

a bad one. *In re Crystalin*, 293, B.R. at 464, citing, *Orion Pictures Corp.* 4 F.3d at 1099 (2d Cir. 1993), cert. dism., 522 U.S. 1026, 114 S.Ct. 1418, 138 L.Ed.2d 88 (1994).

23. The business judgment standard is satisfied when a debtor determines that rejection will benefit the estate. *In re Chi-Feng Huang*, 23 B.R. 798, 800-801 (B.A.P. 9th Cir. 1982) (primary issue is whether rejection would benefit the general unsecured creditors); and *Commercial Financial Limited v. Hawaii Dimensions, Inc.*, 47 B.R. 425, 427 (D.Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate").

24. Upon finding that the Debtors have exercised their sound business judgment in determining that rejection of the Executory Contracts is in the best interests of the Debtors, their creditors and other parties-in-interest in the Chapter 11 Case, the Court should approve rejection of the Executory Contracts pursuant to section 365(a) of the Bankruptcy Code. *See, e.g., In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or unexpired lease. *See, e.g., NLRB v. Bildisco & Bildisco,* 465 U.S. at 523; *In re Sharon Steel Corp.*, 872 F.2d at 39-40.

25. Rejection of an unexpired contract is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39 *(citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.),* 72 B.R. 845, 846 (Bankr. W.D.

6

Pa. 1987)). The business judgment standard requires that the Court approve the debtor's business decision unless it is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Lubrizol Enter., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

26. The Debtors submit that it has satisfied the business judgment standard for rejecting the Executory Contracts. As explained in detail above, performance under the Executory Contracts is costly to the Debtors' on-going operation and Business when other vendors can provide similar services for a much lower cost. Moreover, the Executory Contracts are not a source of potential value for the Debtors' estates, creditors and interest holders through assumption and assignment to possible third parties. Accordingly, the Debtors have determined that the Executory Contracts constitute an unnecessary drain on its cash flow, and, therefore, rejection of the Executory Contracts reflects the Debtors' exercise of sound business judgment.

27. The Debtors further requests that the Court require that counterparties to the Executory Contracts must submit any claim from the rejection of the Executory Contracts within thirty (30) days after the entry of an Order granting this Motion and that the failure of such counterparties to timely file claims shall bar such parties from receiving any distribution or dividend from the Debtors' estate.

28. The Debtors may have claims against counterparties to the Executory Contracts arising under, or independent of, the Executory Contracts. The Debtors do not waive such claims by the filing of this Motion or the rejection of the Executory Contracts. The Debtors reserve all of its rights with respect to the Executory Contracts, including, but not limited to, the right to contest any claims that arise out of their rejection. Nothing contained herein is intended or shall be

construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim or (c) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

WHEREFORE, the Debtor requests the Court enter an order granting the relief requested herein, authorizing the Debtors to reject the Executory Contracts identified above; and for such other and further relief as may be just and equitable under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Sharon L. Stolte
Sharon L. Stolte #14302
Paul D. Sinclair #22799
Brett M. Simon #27150
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5543
816-627-5532 (Fax)
sstolte@sandbergphoenix.com
psinclair@sandbergphoenix.com
bsimon@sandbergphoenix.com
*Attorneys for the Debtors*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on this 9th day of January 2020, the foregoing Motion For Order Under Sections 105(A) And 365(A) Authorizing The Debtors-In-Possession To Reject Executory Contracts With Waste Management was electronically filed with the Clerk of the Court by using the CM/ECF system, which sent notification to all parties participating in the CM/ECF system and a copy was placed in the U.S. Mail, postage prepaid, to the parties on the attached Master Service List, pursuant to the Order Limiting Notice entered on November 14, 2019 [*ECF #33*].

/s/ Sharon L. Stolte
Sharon L. Stolte

| | | |
|---|---|---|
| AJOR BRANDS<br>55 E 13TH AVE<br>NORTH KANSAS CITY, MO 64116 | SUN LIFE FINANCIAL<br>2323 GRAND BLVD<br>KANSAS CITY, MO 64108 | REPUTATION.COM INC.<br>1400A SEAPORT BLVD<br>#401<br>REDWOOD, CA 94063 |
| ALPINE-LITHO<br>8640 TROOST AVENUE<br>KANSAS CITY, MO 64131 | CARPENTER & COMPANY<br>8301 STATE LINE ROAD<br>SUITE G-A<br>KANSAS CITY, MO 64114 | CROSSROADS EAST LLC<br>800 E. 18TH ST<br>KANSAS CITY, MO 64108 |
| CHRISTOPHER J. SHERMAN<br>PAYNE & JONES, CHTD.<br>11000 KING<br>OVERLAND PARK, KS 66225-5625 | CSI<br>18330 EDISON AVE<br>CHESTERFIELD, MO 63005 | ECOLAB PEST<br>26252 NETWORK PL<br>CHICAGO, IL 60673-1262 |
| CHRISTOPHER T. BORNIGER<br>OFFICE OF THE UNITED STATES TRUSTEE<br>301 N. MAIN ST.<br>SUITE 1150<br>WICHITA, KS 67202 | CLAYTON PARKING, LLC<br>7533 FORSYTH BLVD.<br>STE C<br>CLAYTON, MO 63105 | CORE BANK<br>12100 W CENTER RD<br>OMAHA, NE 68144 |
| ESPRESSO TECH<br>11614 W 90TH STREET<br>OVERLAND PARK, KS 66214 | EVERGY<br>4400 E. FRONT ST<br>KANSAS CITY, MO 64120 | EXCEL LINENS<br>501 FUNSTON ST<br>KANSAS CITY, MO 66115 |
| FARM TO MARKET<br>100 EAST 20TH ST<br>KANSAS CITY, MO 64108 | IBS MIDWEST<br>3913 S LYNN CT<br>INDEPENDENCE, MO 64055 | KALDI'S COFFEE<br>3983 GRATIOT<br>ST. LOUIS, MO 63110 |
| GLAZERS<br>6201 STILLWELL STREET<br>KANSAS CITY, MO 64120 | HALPERNS<br>4685 WELCOME ALL RD<br>COLLEGE PARK, GA 30349 | HOCKENBERGS<br>14603 WEST 112TH STREET<br>LENEXA, KS 66215-4096 |
| HASELWOOD LANDSCAPES LLC<br>PO BOX 2191<br>OLATHE, KS 66051 | MARQUEE EVENT RENTAL<br>5050 KANSAS AVE<br>KANSAS CITY, KS 66106 | PARK IT<br>1712 MAIN ST. SUITE 371<br>KANSAS CITY, MO 64108 |
| HUMANA<br>7311 W 132ND ST<br>#200<br>OVERLAND PARK, KS 66213 | LARGEPRINTING.COM<br>6633 TROOST AVE<br>KANSAS CITY, MO 64131 | OUTFRONT MEDIA<br>405 LEXINGTON AVE<br>NEW YORK, NY 10174 |

| | | |
|---|---|---|
| KANSAS DEPARTMENT OF REVENUE<br>PO BOX 758572<br>TOPEKA, KS 66675 | KANSAS DEPARTMENT OF REVENUE<br>PO BOX 758572<br>TOPEKA, KS 66675 | LIBERTY FRUIT<br>1247 ARGENTINE BOULEVARD<br>KANSAS CITY, KS 66105-1508 |
| KCMO CITY TREASURER<br>REVENUE DIVISION<br>PO BOX 804107<br>KANSAS CITY, MO 64180 | MISSOURI DEPARTMENT OF LABOR<br>TAXATION DIVISION<br>PO BOX 3360<br>JEFFERSON CITY, MO 65105 | MISSOURI DEPARTMENT OF REVENUE<br>HARRY S. TRUMAN STATE OFFICE<br>301 WEST HIGH STREET<br>JEFFERSON CITY, MO 65101 |
| KCMO HEALTH DEPARTMENT<br>2400 TROOST AVE<br>SUITE 3200<br>KANSAS CITY, MO 64108 | KELLER FIRE & SAFETY<br>1138 KANSAS AVE.<br>ATTN: ACCOUNTING DEPT.<br>KANSAS CITY, KS 66105 | LAZ PARKING<br>32445 COLLECTION CENTER DR.<br>CHICAGO, IL 60693-0324 |
| P1 GROUP INC.<br>13605 W 96TH TERRACE<br>LENEXA, KS 66215 | SEATTLE FISH CO.<br>4300 N. MATTOX RD<br>RIVERSIDE, MO 64150 | SYSCO KANSAS CITY INC<br>1915 KANSAS CITY ROAD<br>PO BOX 820<br>OLATHE, KS 66061-0820 |
| PHIL VAN HAITSMA<br>1370 MILLWOOD DR. NE<br>BELMONT, MI 49306 | POINTE BLANK<br>668 N. 44TH ST.<br>STE. 210W<br>PHOENIX, AZ 85008 | AMBROSI<br>3023 MAIN STREET<br>KANSAS CITY, MO 64108 |
| POWER UP ELECTRIC, LLC<br>5818 NOLAND RD<br>SHAWNEE, KS 66216-1661 | SOUND PRODUCTS<br>1365 N WINCHESTER ST<br>OLATHE, KS 64108 | SYSCO KANSAS CITY INC<br>1915 KANSAS CITY ROAD<br>PO BOX 820<br>OLATHE, KS 66061-0820 |
| RAPID SOLUTIONS<br>P.O BOX 4102<br>OVERLAND PARK, KS 66204 | SEATTLE FISH CO.<br>4300 N. MATTOX RD<br>RIVERSIDE, MO 64150 | VINTEGRITY<br>1689 N. TOPPING AVE<br>KANSAS CITY, MO 64120 |
| SCOTT HAINES<br>9401 INDIAN CREEK PKWY, BLDG. 40,<br>STE. 1150<br>OVERLAND PARK, KS 66210 | COMPLETE CONSTRUCTION SERVICES<br>5919 BARTON DRIVE<br>SHAWNEE, KS 66203-2792 | CRITICAL PROTECTION & INVEST.<br>3031 S. KENDALL DR<br>INDEPENDENCE, MO 64055 |
| US FOODS<br>16805 COLLEGE BLVD<br>LENEXA, KS 66219 | ARROWHEAD MEATS<br>1200 TANEY<br>NORTH KANSAS CITY, MO 64116 | ECOLAB DISH<br>24198 NETWORK PLACE<br>CHICAGO, IL 60673 |

| | | |
|---|---|---|
| BRUCE E. STRAUSS# <br> MERRICK, BAKER & STRAUSS, PC <br> 1044 MAIN ST., STE. 500 <br> KANSAS CITY, MO 64105 | ANDREW J. NAZAR <br> POLSINELLI <br> 900 WEST 48TH PLACE, SUITE 900 <br> KANSAS CITY, MISSOURI 64112 | JONAH LOCK <br> LEWIS RICE <br> 10484 MARTY ST <br> OVERLAND PARK, KS 66212 |
| SUSAN LISSANT <br> MO DEPT OF REV <br> 301 W HIGH ST, RM 670 <br> PO BOX 475 <br> JEFFERSON CITY, MO 65105 | WILLIAM J EASLEY <br> BRYAN CAVE <br> ONE KANSAS CITY PLACE <br> 1200 MAIN ST., #3800 <br> KANSAS CITY, MO 64105 | LESLIE BAYLES <br> BRYAN CAVE <br> 161 N CLARK ST, #4300 <br> CHICAGO, IL 60601 |